**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-03251-RM-MJW

KENNETH "KEN" BAUER,

    Plaintiff,

v.

WARD MANUFACTURING, LLC,
TONY FAVILLA,
KEVIN CRONIN, and
BILL WILLIAMS,

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on the Order to Show Cause (ECF No. 19) and Plaintiff's Response to Order to Show Cause (ECF No. 20, the "Response"). Plaintiffs' Complaint (ECF No. 1, the "Complaint") alleged this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity). (*Id.* at ¶6.) However, the Complaint does not provide sufficient allegations to establish the citizenship of any of the defendants. First, the sole allegation in the Complaint regarding Defendant Ward Manufacturing, LLC's citizenship is the assertion that it is headquartered in Blossburg, Pennsylvania and conducts business within Colorado. (*Id.* at ¶6.) However, a limited liability company's citizenship is identified by reference to the citizenship of each of its members, *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Second, Plaintiff did not make any allegations

regarding the citizenship or domicile of any of the individual defendants. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) ("an individual's state citizenship is equivalent to domicile") (citations omitted); *Keys Youth Servs. Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001) (domicile established in a particular state by physical presence with an intent to remain).  Because Plaintiff made no allegations regarding the citizenship of Ward Manufacturing's members and also made no allegations regarding the citizenship or domicile of any of the individual Defendants, the Order to Show Cause requested Plaintiff to show why this case should not be dismissed due to this Court's lack of subject matter jurisdiction.  (ECF No. 19 at 4.)

Based on the evidence offered in the Response, the Court finds that diversity of citizenship exists between Plaintiff and the individual Defendants.  However, Plaintiff has not presented sufficient evidence to establish diversity of citizenship between Plaintiff and Ward Manufacturing.  Plaintiff points to Ward Manufacturing's Rule 7.1 Disclosure Statement (ECF No. 17), which provides that Ward Manufacturing's sole owner, Hitachi Metals America, Ltd. is a New York corporation.  However, a corporation's citizenship is established by reference to both its state of incorporation and its principle place of business. 28 U.S.C. § 1332(c)(1).  Because Plaintiff does not provide the principle place of business of Ward Manufacturing's sole owner, Hitachi Metals America, Ltd., the Court is unable to determine the citizenship of Ward Manufacturing.

Based on the foregoing, it is ORDERED that:

1.     The Order to Show Cause (ECF No. 19) is DISCHARGED;

3

2.      On or before May 14, 2015, Plaintiff shall show cause why this case should not be dismissed due to this Court's lack of subject matter jurisdiction, to wit, Plaintiff must provide information regarding the principle place of business of Ward Manufacturing's corporate parent, Hitachi Metals America, Ltd.

DATED this 1st day of May, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge